**B. F. GOODRICH CO. v. TRUXILLO.**

No. 2028.

Court of Appeal of Louisiana. First Circuit.

Nov. 9, 1939.

754

C. A. Blanchard, of Donaldsonville, for appellant.

Walter Lemann, of Donaldsonville, for appellee.

OTT, Judge.

The plaintiff alleges that it is the holder and owner of a promissory note for $400, dated May 12, 1936, signed by the defendant, with interest and attorney's fees, due on demand, and subject to a credit of $20 made on August 10, 1936. The note is annexed to the petition and made a part thereof. The prayer is for judgment against the defendant for the amount of the note, less the credit, and for interest and attorney's fees as provided for in the note.

The note annexed to the petition states on its face that it is given for merchandise, money and credit advanced or loaned to the defendant, and as security for such merchandise, money and credit. The defendant admits in his answer that he executed the note, and alleges that it was executed to secure the plaintiff for merchandise sold to him by the plaintiff up to the amount of said note; that he had returned merchandise to plaintiff in the total amount of $333.71 which, together with the credit of $20, made a total credit of $353.71, leaving a balance of $46.29, which amount, with court costs, was deposited in court. The defendant also filed a reconventional demand against plaintiff for $100 attorney's fees and $150 damages on account of filing an unfounded suit against him.

When the case came on for trial, the plaintiff produced a witness who testified as to the ownership of the note by the plaintiff company, that the note was given for merchandise sold to the defendant, and that the amount of the note is still due, except as to the credit of $20. The defendant then took the stand and testified that the note was given to establish a line of

credit with plaintiff for tires and tubes consigned to him. Counsel for plaintiff objected to this testimony on the ground that it was an effort to vary and contradict by parole the terms of the note. The objection was properly overruled for two reasons: First, the note states on its face that it was given for merchandise and advances to the defendant; and, second, the testimony was in support of the allegations in the answer as to the consideration for the note, and, as between maker and payee, the consideration of a note can always be shown.

Counsel for defendant has devoted a good part of his brief to show that parole evidence was admissible to prove the purpose for which the note was given and the consideration therefor. The admissibility of such evidence in this case is too obvious to require the citation of authority.

Defendant then testified as to the amount of merchandise returned by him and introduced the credit memoranda therefor. This evidence was also clearly admissible, and the court correctly overruled objections to its admission as the note showed on its face that it was given for merchandise sold the defendant, and the latter had a right to prove that he returned all or a part of the merchandise for which the note was given.

Then on cross-examination, counsel for plaintiff asked the defendant about other goods purchased by him from the plaintiff to which objection was made by defense counsel on the ground that it was an effort to prove an open account whereas plaintiff had sued on the note and no allegations were made about an open account. Counsel for plaintiff stated that it was the purpose to show that these credits for returned merchandise about which the witness had testified were applied to an open account and were not credited on the note.

The trial judge sustained the objection and refused to permit plaintiff's counsel to ask the defendant whether or not there was an open account to which these credits were applied, and held that the plaintiff was restricted to the note. In sustaining this objection the trial court was clearly in error. The note itself showed that it was given for merchandise and the defendant admits himself that it was given for that purpose. It is obvious that as the defendant had a right to show that the returned merchandise should have been credited on the note, the plaintiff had an equal right to show that the returned merchandise applied on other merchandise sold the defendant on open account.

The burden was on the defendant to show that the particular merchandise returned was that for which the note was given, but if he bought other merchandise not included in the note, the plaintiff certainly has a right to prove that fact. The plaintiff has a right to prove that the merchandise for which the note was given was other than that returned. Whether or not defendant can show that the merchandise returned was part of the merchandise covered by the note is a matter directly at issue in the case, concerning which fact evidence is admissible not only on cross-examination, but by any other legal testimony.

The trial judge dismissed plaintiff's suit. Nothing is said in the judgment about the tender of $46.29 nor is any mention made of the reconventional demand. The plaintiff has appealed, and we find it necessary to remand the case.

For the reasons assigned, it is ordered that the judgment appealed from be annulled, avoided and reversed, and it is now ordered that the case be remanded for trial in accordance with the views herein expressed; cost of the appeal to be paid by the defendant, and all other cost to await the final termination of the suit.